**UNITED STATES of America**

v.

**Peters C. UKANDU.**

**Crim. A. No. 93–247–08.**

United States District Court,
E.D. Pennsylvania.

Aug. 10, 1995.

**198**

Timothy Susanin, Asst. U.S. Atty., Philadelphia, PA, for the U.S.

Robert E. Welsh, Jr., Philadelphia, PA, for defendant.

### MEMORANDUM AND ORDER

DITTER, District Judge.

In this case, a convicted defendant argues that because his property has been forfeited to the government, he has already been punished and that sentencing him now would violate the constitutional protection against double jeopardy.

■ Following a lengthy trial at which he was represented by counsel, a jury in November 1993 convicted Peters C. Ukandu and five others of conspiring to distribute heroin. In an order dated March 13, 1995, I denied defendant's post-trial motions and set a date for sentencing. At the sentencing hearing, Ukandu announced that he thought his trial counsel had been ineffective and he wanted new counsel appointed. I granted his request and appointed a new attorney to represent Ukandu in further post-trial matters. Notwithstanding the fact that he has appointed counsel, Ukandu filed a *pro se* motion to vacate conviction and bar sentencing. Counsel for Ukandu has filed a notice that he

adopts the *pro se* motion. Therefore, I will consider it.[1] For the reasons stated below, I will deny defendant's motion and reschedule his postponed sentencing.

### I. FACTS

The facts pertaining to the evidence against Ukandu, the trial, and his conviction, are detailed in my order of March 13. Only a few need to be repeated here. Customs agents stopped defendant in National Airport in Washington, D.C., after he had been seen in the company of Friday Ogbuehi, another defendant in this case. The agents observed Ukandu and Ogbuehi putting a large sum of money into Ukandu's garment bag. When stopped in the airport terminal, Ukandu gave the agents permission to search the garment bag. They found $22,000 in cash in the bag. A drug-sniffing dog alerted to the cash, which indicates that the currency was tainted by narcotics. For all practical purposes, the large sum of cash was a significant part of the evidence against Ukandu.

The instant motion is based on the administrative forfeiture by the Drug Enforcement Administration ("DEA") of $22,259.00 in U.S. currency seized from defendant. The DEA seized the money in April 1993. A notice of seizure, sent to defendant in the Alexandria, VA, detention center in May 1993, was returned unopened. The DEA sent another notice to defendant, this time to the Lehigh County Prison, in June 1993. The notice advised defendant of his options for contesting the impending forfeiture. Defendant filed no claim and posted no bond. The DEA forfeited the cash in July 1993, pursuant to 21 U.S.C. § 881 as the proceeds of drug trafficking. The jury's guilty verdict can only logically be explained as a finding that the money was indeed the proceeds of one or more drug transactions.

### II. FORFEITURE OF DEFENDANT'S PROPERTY WAS NOT PUNISHMENT

■ The Double Jeopardy Clause of the Fifth Amendment prohibits multiple punish-

---

1. As I have told several defendants in this case numerous times, a defendant may proceed either with counsel or *pro se*, but he may not do both. If a defendant has counsel, then I will consider the motions filed by counsel and not motions filed by the defendant unless counsel adopts the motion as his or her own. Because defendant's counsel has done so, I will consider the *pro se* motion as if the attorney had filed it himself.

ments for the same offense. Defendant will obviously be punished if he is sentenced to a term in prison for the heroin offense of which he was convicted. Therefore, if the earlier civil forfeiture of defendant's property constituted "punishment," then subsequently sentencing him to prison would violate the Double Jeopardy Clause. Because I hold, however, that the civil forfeiture was not punishment, sentencing Ukandu would constitute a first, not a second, punishment, and the Double Jeopardy Clause is not implicated.

The government forfeited defendant's money pursuant to 21 U.S.C. § 881, a civil forfeiture statute, as the proceeds of drug trafficking. The question posed by Ukandu's motion is whether this civil sanction was in fact a punishment. I conclude it was not.

Ukandu argues that *Austin v. United States,* —— U.S. ——, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993), compels the "inescapable" conclusion that forfeiture of his property was punishment under the Double Jeopardy Clause and sentencing is therefore barred. I find that *Austin* does not compel the result which defendant argues. First, *Austin* addressed two specific subsections of § 881 and considered those provisions within the context of the Excessive Fines Clause, not the Double Jeopardy Clause. Defendant's argument is based on double jeopardy and not on the argument that the forfeiture was excessive.

■ Second, the properties forfeited in *Austin* were conveyances and real estate used to facilitate a drug-related crime. —— U.S. at ——, ——, 113 S.Ct. at 2803, 2811 (defendant met customer at defendant's body shop, agreed to sell him cocaine, and went to defendant's mobile home to pick up the drugs). In concluding that subsections (a)(4) and (a)(7) did not serve a solely remedial purpose, the *Austin* court noted that the value of real estate and conveyances could vary dramatically, making a relationship between the government's costs and the forfeiture merely coincidental. 113 S.Ct. at 2812

n. 14. In contrast, Ukandu's currency was forfeited as the proceeds of drug trafficking pursuant to § 881(a)(6).[2] Unlike real estate or conveyances, currency is simple to value and the value does not vary. More importantly, forfeiture of "proceeds" property rather than "facilitating" property is not punishment because the owner has lost nothing to which he was ever lawfully entitled. *United States v. Tilley,* 18 F.3d 295, 297, 300 (5th Cir.1994). If a person has no legitimate right to engage in the activity which generated the ill-gotten gains, then requiring him or her to forfeit the unlawfully obtained gains cannot be understood as punishment. *United States v. Alexander,* 32 F.3d 1231, 1236 (8th Cir.1994); *United States v. Leaniz,* 1995 WL 143127 at *5 (S.D.Ohio Mar. 31, 1995).

Because *Austin* did not address the constitutional protections of the Double Jeopardy Clause, and because *Austin* involved "facilitating" property rather than "proceeds" property, I find that *Austin's* determination that civil forfeitures pursuant to 21 U.S.C. §§ 881(a)(4) and (a)(7) are punishments limited by the Eighth Amendment's protection against excessive fines, does not answer the question posed by this case: did forfeiture of the proceeds of drug trafficking punish Ukandu? The answer is "no," because forfeiture of narcotics proceeds is not punishment, as Ukandu had no lawful right to retain the fruit of his unlawful activity.

### III. CONCLUSION

Because Ukandu was not punished by the civil forfeiture of the currency, sentencing him now will not constitute a second punishment. Therefore, imposing sentence will not implicate the protections of the Double Jeopardy Clause, and defendant's motion to vacate conviction and bar sentencing must be denied.

2. There is no need here for the analysis referred to in *United States v. Halper,* 490 U.S. 435, 449, 109 S.Ct. 1892, 1902, 104 L.Ed.2d 487 (1989). In *Halper,* the defendant made false claims on the government totaling $585.00. The government sought a civil penalty of $130,000, which the lower court had found to be sufficiently dis-

proportionate to the government's loss so as to constitute a second punishment. In the instant case, since the forfeited money was plainly drug proceeds, defendant has no legitimate right to any of it, and there is no need to consider whether the amount of forfeited drug proceeds is rationally related to the government's loss.